Citation Nr: 1518713 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 07-07 057 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to service connection for a gastrointestinal disorder, including gastroesophageal reflux disease, to include as secondary to service-connected major depressive disorder.

2. Entitlement to an effective date prior to January 3, 2012, for special monthly compensation based on the need for aid and attendance.

3. Entitlement to special monthly compensation based on the loss of use of a lower extremity. 

4. Entitlement to an automobile allowance or specially adapted equipment. 



REPRESENTATION

Appellant represented by: John S. Berry, Attorney

ATTORNEY FOR THE BOARD

J. Andrew Ahlberg, Counsel

INTRODUCTION

The Veteran served on active duty from January 1959 to March 1962.

This case was previously before the Board of Veterans' Appeals (Board) on appeal from rating decisions by the above Department of Veterans Affairs (VA) Regional Office (RO), to include a February 2010 decision that denied the Veteran's claim for service connection for a gastrointestinal disorder. In November 2010, the Board, inter alia, denied a claim for service connection for a gastrointestinal disorder. The Veteran, in pertinent part, appealed the Board's November 2010 denial of his claim for service connection for a gastrointestinal disorder to the U.S. Court of Appeals for Veterans Claims (Court). In April 2011, while his case was pending at the Court, the VA's Office of General Counsel and Veteran's representative filed a Joint Motion requesting that the Court vacate the Board's November 2010 decision with regard to, in pertinent part, the claim for service connection for a gastrointestinal disorder. That same month, the Court issued an Order vacating the November 2010 Board decision, to include that portion of the decision that denied the claim for service connection for a gastrointestinal disability. 

In January 2012, the Board, in pertinent part, remanded the claim for service connection for a gastrointestinal disability for development consistent with the directives of the April 2011 Joint Motion. Following such development, an August 2013 Board decision, in pertinent part, again denied the Veteran's claim for service connection for a gastrointestinal disability. The Veteran appealed the August 2013 Board denial of the claim for service connection for a gastrointestinal disability to the Court, which in a May 2014 Memorandum Decision vacated that portion of August 2013 Board decision that denied the claim for service connection for a gastrointestinal disability. 

The Board notes that, in addition to the paper claims file, the Veteran also has electronic Virtual VA and Veteran Benefits Management System (VBMS) paperless claims files, and the information therein has been reviewed and considered in the preparation of this document. 

The VBMS file reflects the filing of a claim for specially adapted housing or a special home adaptation grant in September 2014. The electronic files indicate that the RO/Agency of Original Jurisdiction (AOJ) appears to be conducting appropriate development with respect to this matter, as the Veteran was provided a February 2015 letter that included notice of the information and evidence required for specially adapted housing or special home adaptation grant. Any further development or appropriate action/adjudication with respect to the claim for entitlement to these benefits should be completed by the RO/AOJ. 

This appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.

REMAND

The May 2014 Court decision found that the August 2012 examination relied upon by the Board in its August 2013 denial of the claim for service connection for a gastrointestinal disability was inadequate. In particular, the Court found that the opinion following this examination as to the relationship between a gastrointestinal disability and the Veteran's service connected disorders was inadequate because, as posited in a brief submitted on behalf of the Veteran, such was "not an opinion on whether it was possible or likely the [Veteran's] service-connected disorders impact his GERD [gastroesophageal reflux disease]; rather, it was an opinion [that the Veteran's] GERD remained well controlled so long as he took medication." In this regard, the Court explained as follows: 

The Court is unable to discern how the examiner concluded that the [Veteran's] GERD was not aggravated by his service-connected disabilities and simultaneously stated that the [Veteran's] records were inadequate to establish a baseline, or how the examiner concluded that the [Veteran's] symptoms were the only indication of the severity of his condition and simultaneously noted that because of medication the [Veteran] has no symptoms. Without knowing the baseline for the condition or its currents severity, the examiner failed to provide a sufficiente rationale for his opinion that the [Veteran's] GERD was not as least as likely as not aggravated beyond its natural progression. 

In light of the Court's reasoning as set forth above, the AOJ upon remand will be asked to obtain an addendum opinion from, if available, the VA clinician who conducted the August 2012 examination addressing the claim for service connection for a gastrointestinal disability. More specifically, the clinician will be asked to render an opinion as to whether any gastrointestinal disability manifested at any time since the Veteran filed his claim for service connection in December 2008 is etiologically related to service connected disability, to include by way of aggravation. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (standing for the proposition that the existence of a current disability is satisfied when a Veteran has a disability at the time he files his claim for service connection or at any during the pendency of that claim); see also Romanowsky v. Shinseki, 26 Vet. App. 289 (2013) (holding that when the record contains a recent diagnosis of disability prior to a Veteran filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency.) 

With respect to matter of entitlement to an effective date prior to January 3, 2012, for special monthly compensation based on the need for aid and attendance, in a November 2012 rating decision, the RO granted this benefit effective from January 3, 2012. In July 2013, the Veteran's attorney filed a timely notice of disagreement on the issue of entitlement to an effective date prior to January 3, 2012, for special monthly compensation based on the need for aid and attendance. See 38 C.F.R. §§ 20.201, 20.302 (2014). Therefore, a statement of the case (SOC) addressing this matter is required. Manlincon v. West, 12 Vet. App. 238 (1999). Such an SOC was requested to be completed by the AOJ in a Board remand issued in conjunction with its aforementioned August 2013 decision. 

While the VBMS file reflects a March 2015 SOC purporting to address the matter of entitlement to an effective date prior to January 3, 2012, for special monthly compensation based on the need for aid and attendance, in point of fact the "Reasons and Bases" portion of this document does not reflect an actual adjudication of this matter, and instead consists of a recitation of the analysis for the grant of special monthly compensation based on the need for aid and attendance contained in the November 2012 rating decision. As such, and to the extent that the claim is denied, the AOJ will again be asked to complete an SOC that reflects an adjudication of the claim for entitlement to an effective date prior to January 3, 2012, for special monthly compensation based on the need for aid and attendance. Stegall v. West, 11 Vet. App. 268 (1998) (standing for the proposition that the Board is required to insure compliance with the instructions of it remands.) 

With respect to claims for entitlement to special monthly compensation based on the loss of use of a lower extremity and an automobile allowance or specially adapted equipment, the VBMS file reflects a notice of disagreement filed in July 2014 on behalf of the Veteran with respect to the denial of these benefits. In this regard, a May 2014 rating decision documents the denial of the claim for special monthly compensation based on the loss of use of a lower extremity, and this decision indicates a separate decision addressing the claim for an automobile allowance was being addressed by the "Non-Rating Team" and that the Veteran would receive notice of such by separate cover. Review of the paper and electronic record does not appear to reflect such a decision, or notice thereof, addressing the claim for an automobile allowance. In short, and based on the filing of a timely notice of disagreement with respect to the denial of these claims, the AOJ upon remand will be asked, to the extent either claim is denied, to complete an SOC addressing the claims for special monthly compensation based on the loss of use of a lower extremity and/or an automobile allowance or specially adapted equipment. 38 C.F.R. §§ 20.201, 20.302; Manlincon, supra. The AOJ will also on remand be asked to associate with the paper or electronic record any prior decision, and notice thereof, denying entitlement to an automobile allowance. 

Accordingly, the case is REMANDED for the following action:

1. The record, to include a copy of this remand, should be provided to, if available, the clinician who conducted the August 2012 examination addressing the claim for service connection for a gastrointestinal disability. Based on the record review, and consideration of the directives of the May 2004 Court decision, the clinician is to (in order to best address these directives and eliminate the need for another opinion) assume that a gastrointestinal disability has been manifested since the Veteran filed his claim in December 2008, and express an opinion as to whether any such disability was caused or aggravated by (permanent worsening) the service connected heart or psychiatric disabilities. 

If a gastrointestinal disability is found to have been aggravated by a service connected disability, the examiner should identify the clinical signs and manifestations of a gastrointestinal disability which establish, to the extent it may now be possible: (i) the baseline level of such disability before the onset of aggravation (permanent worsening); (ii) the onset of aggravation (permanent worsening) of such disability; and (iii) the current level of severity of such disability at (or after) the onset of aggravation (permanent worsening). 

In rendering the opinion, the clinician should consider the lay statements of record pertaining to the incurrence of a gastrointestinal disability. A rationale for the opinion offered should be provided.

2. Associate with the paper or electronic record any prior decision, and notice thereof, denying entitlement to an automobile allowance or specially adapted equipment. 

3. To the extent any such claim is denied, issue an SOC, reflecting specific adjudication of such matter(s), that addresses claims for an effective date prior to January 3, 2012, for special monthly compensation based on the need for aid and attendance; special monthly compensation based on the loss of use of a lower extremity; and an automobile allowance or specially adapted equipment. The Veteran and his attorney should be advised that he may perfect his appeal of any such issue only by filing a timely Substantive Appeal following the issuance of the SOC. 
See 38 C.F.R. § 20.302(b). 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).